# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA K.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:20-cv-00572-MAA <br><br> **MEMORANDUM DECISION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On March 19, 2020, Plaintiff filed a Complaint seeking review of the Social Security Commissioner's final decision denying her application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. This matter is fully briefed and ready for decision. For the reasons discussed below, the Commissioner's final decision is reversed, and this action is remanded for further administrative proceedings.

///

---

[1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## ADMINISTRATIVE HISTORY

On May 31, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning on May 1, 2016. (Administrative Record [AR] 17, 198-99.) Plaintiff alleged disability because of a magnesium deficiency, lymphedema, depression, a thyroid problem, folliculitis, candida, dermatitis, psoriasis, rosacea, and sleep apnea. (AR 64-65, 77-78.) After the application was denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 103.) During a hearing held on October 25, 2018, at which Plaintiff appeared with counsel, the ALJ heard testimony from Plaintiff and a vocational expert. (AR 31-63.)

In a decision issued on January 15, 2019, the ALJ denied Plaintiff's disability claims after making the following findings pursuant to the Commissioner's five-step evaluation. (AR 17-25.) Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date of May 1, 2016. (AR 19.) She had severe impairments consisting of a history of breast cancer with left mastectomy, lymphedema, rheumatoid arthritis, diabetes, peripheral neuropathy, fibromyalgia, left shoulder degenerative disc disease, and obesity. (*Id*.) She did not have an impairment or combination of impairments that met or medically equaled the requirements of one of the impairments from the Commissioner's Listing of Impairments. (AR 20.) She had a residual functional capacity for sedentary work with additional limitations. (AR 21.) She could perform her past relevant work as a claims administrator. (AR 24.) Thus, the ALJ concluded that Plaintiff was not disabled, as defined by the Social Security Act, from May 1, 2016 through the date of the ALJ's decision. (*Id*.)

On January 21, 2020, the Appeals Council denied Plaintiff's request for review. (AR 3-8.) Thus, ALJ's decision became the final decision of the Commissioner.

///

**DISPUTED ISSUE**

The parties raise the following disputed issue: whether the ALJ properly considered Plaintiff's subjective symptom testimony. (ECF No. 24, Parties' Joint Stipulation ["Joint Stip."] at 4.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

**A.    Legal Standard.**

An ALJ must make two findings in assessing a claimant's pain or symptom testimony. SSR 16-3P, 2017 WL 5180304, at *3; *Treichler*, 775 F.3d at 1102. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler*, 775 F.3d at 1102

(citation omitted). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Id*.; *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015).

"A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*)).

Beginning on March 28, 2016, SSR 16-3P rescinded and superseded the Commissioner's prior rulings as to how the Commissioner will evaluate a claimant's statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims. *See* SSR 16-3P, 2017 WL 5180304, at *1. Because the ALJ's decision in this case was issued on March 26, 2018, it is governed by SSR 16-3P. *See id*. at *13 and n.27. In pertinent part, SSR 16-3P eliminated the use of the term "credibility" and clarified that the Commissioner's subjective symptom evaluation "is not an examination of an individual's character." SSR 16-3P, 2017 WL 5180304, at *2; *see also Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). These changes are largely stylistic and are consistent in substance with Ninth Circuit precedent that existed before the effective date of SSR16-3P. *See Trevizo*, 871 F.3d at 678 n.5.

**B.     Background.**

Plaintiff testified at the hearing as follows about her medical condition and limitations:

She cannot work because of pain in her feet, arms, hand, and whole body. (AR 41.) She has problems sleeping because of foot pain, which wakes her up at night. (AR 41-42.) She has neuropathy in both feet, arms, and hands. (AR 42.) She also has problems with finger dexterity. (AR 44.)

She has rheumatoid arthritis, for which she receives Orencia fusion therapy every four weeks. (AR 45.) The therapy has not made her inflammation go away, but it allows her to function. (*Id.*) The rheumatoid arthritis affects her knees, foot, back, and ankles. (*Id.*) She has swelling and stiffness in her joints. (AR 45-46.) She starts to feel more pain as her infusion therapy appointment nears, so its effectiveness wears off with time. (AR 46.) The infusion therapy helps for a couple of days, followed by fatigue and pain. (*Id.*)

Her condition is made worse by walking too much or standing too long. (AR 47.) She needs to elevate her legs during the day. (AR 48.) She can sit or stand for ten to fifteen minutes at a time. (AR 48-49.) She can walk for less than one block. (AR 49.) She can lift less than ten pounds. (AR 51.)

### C. Analysis.

The ALJ first found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR 22.) However, the ALJ next found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.*) Finally, the ALJ stated the reasons why the record was not consistent with Plaintiff's statements. (AR 22-23.)

As an initial matter, the Court may review only those reasons that the ALJ specifically cited as grounds to reject Plaintiff's subjective symptom testimony. It is well-settled that a reviewing court may not construe an ALJ's general findings from the medical record as reasons to reject a claimant's subjective symptom testimony, if the ALJ did not explicitly tie such findings to the testimony. *See*

*Burrell v. Colvin*, 775 F.3d 1133, 1139 (9th Cir. 2014) ("Although the ALJ made findings . . . concerning Claimant's treatment for headaches, he never stated that he rested his adverse credibility determination on those findings."); *see also Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (general findings from the medical record are insufficient to reject a claimant's testimony) (citing *Brown-Hunter*, 806 F.3d at 493-94 (an ALJ's summary of the medical evidence does not suffice to explain a non-credibility determination); and *Vasquez v. Astrue*, 572 F.3d 586, 592 (9th Cir. 2009) (an ALJ's discussion of physicians' findings did not suffice to reject a claimant's subjective complaints of pain)); *Treichler*, 775 F.3d at 1103 (a reviewing court cannot speculate that an ALJ rejected a claimant's testimony to the extent it conflicted with the medical evidence); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201-02 (9th Cir. 1990) (ALJ's discussion of a claimant's daily activities, which the ALJ did not specifically link to a conclusion that the claimant lacked credibility, was too speculative to uphold the credibility determination).

Under this standard, the Court has identified three reasons that the ALJ expressly tied to his assessment of Plaintiff's allegations or testimony. (AR 22-23.) The Court reviews each reason in turn.

### 1. Inconsistent treatment.

The ALJ found that Plaintiff's "treatment is not consistent with the allegations concerning the severity of her symptoms." (AR 22.) The ALJ provided the example that, "[i]n 2017, [Plaintiff] was not noted to be taking prescribed Gabapentin as prescribed with only sporadic use." (*Id.* (citing AR 3712, 3716).)

In assessing a claimant's allegations, an ALJ may consider an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citing *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)); *see also Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (sincerity of plaintiff's pain testimony was cast

in doubt where "the record was filled with evidence" that she failed to seek treatment), *superseded by regulation on other grounds as stated by Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021).

Here, the example cited, based on evidence of Plaintiff's sporadic use of Gabapentin, was not representative of a broader failure to follow a prescribed course of treatment, in the context of the overall record. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (the medical evidence "must be read in context of the overall diagnostic picture"). Indeed, the record does not permit a reasonable inference that Plaintiff failed to comply with treatment, given that the record includes almost 4,000 pages of medical evidence, describing hundreds of treatments, undergone on a consistent basis over several years. In comparison, the evidence regarding Gabapentin, which was prescribed for diabetic peripheral neuropathy (AR 2783), was a small subset of evidence. That evidence showed that Plaintiff took the Gabapentin sporadically in early 2017, when her rheumatoid arthritis treatments were being adjusted while she recovered from cellulitis. (AR 3712, 3716.)

In this context, the evidence of sporadic use of Gabapentin, while Plaintiff simultaneously was taking several other medications (AR 3714-15), was not substantial evidence of non-compliance that undermined Plaintiff's allegations concerning the severity of her symptoms. It did not rise to the level of substantial evidence in light of the thousands of pages of medical evidence verifying Plaintiff's symptoms and treatment compliance. *See Trevizo*, 871 F.3d at 682 (evidence of a claimant's unexplained instances of noncompliance with her diabetes medication did not constitute substantial evidence to discount a claimant's testimony, "particularly in light of the extensive medical record objectively verifying her claims"); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'") (quoting

*Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Thus, this was not a clear and convincing reason supported by substantial evidence to discount Plaintiff's subjective symptom testimony.

### 2. Symptom management.

The ALJ found that "[c]ontrary to [Plaintiff's] testimony, treating notes from her Orencia infusions have indicated that she has denied ongoing symptoms including swelling and pain in her extremities." (AR 22 (citing AR 3770, 3928, 3968).) The ALJ provided two additional examples. First, Plaintiff "indicated that the medication has been effective because of her ability to walk and move." (AR 22 (citing AR 3950-51).) Second, Plaintiff "has also been able to manage symptoms with interruptions. In 2017, [Plaintiff] called to reschedule her March 2017 appointment as she reported she would be out of town." (AR 22 (citing AR 3697).)

An ALJ may discount a claimant's testimony where evidence shows that her symptoms were under control with treatment. *See Tommasetti*, 533 F.3d at 1039-40 (9th Cir. 2008) (holding that a claimant's favorable response to conservative treatment undermined the claimant's reports regarding the disabling nature of his pain); *Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) (holding that an ALJ "reasonably noted that the underlying complaints upon which her reports of pain were predicated had come under control"); *Warre v. Commissioner of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits.") (citing *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (affirming a denial of benefits and noting that the claimant's impairments were responsive to medication)).

Here, the examples cited were not representative of a broader trend of symptom control. *See Garrison v. Colvin*, 759 F.3d 995, 1107 (9th Cir. 2014) (an

ALJ may not rely on "a few isolated instances of improvement" as a basis for concluding a claimant is capable of working). The first example cited, based on evidence in which Plaintiff denied ongoing symptoms including swelling and pain in her extremities during her monthly Orencia infusions (AR 3770, 3928, 3968), said little about whether Plaintiff experienced ongoing symptoms when she was not receiving Orencia infusions. Plaintiff continued to complain of pain in her feet and arms (AR 2782, 3045, 3202, 3425, 3776, 3836, 3950-51) and continued to complain that the pain relief did not last (AR 3712, 3800, 3836).

The next example cited, based on evidence of Plaintiff's indication during a rheumatology visit that her medication has been effective because of her ability to walk and move (AR 3950-51), was not substantial evidence of an ability to walk and move. During that same rheumatology visit, Plaintiff complained of constant pain in her hands, feet, hips, wrists, and elbows and complained that the pain awakens her at night. (AR 3950). During subsequent rheumatology visits, Plaintiff complained of joint and ankle pain, knee pain that impairs her from walking and bending, pain in both hands, and lymphedema in her left arm. (AR 3951.)

The final example cited, based on evidence of Plaintiff calling to reschedule her March 2017 appointment because she reported she would be out of town (AR 3697), also did not represent a broader trend of symptom control. Evidence of the rescheduled appointment was not substantial in light of a 4000-page medical record of regular treatment that included weekly infusion therapy for breast cancer and rheumatoid arthritis. (*See*, *e.g.*, AR 3144.) Moreover, periodic or restricted travel does not necessarily undermine a claimant's subjective complaints, even where, as in this case, the claimant alleges joint pain and severe limitations in standing or walking. See *Howard v. Heckler*, 782 F.2d 1484, 1485, 1488 (9th Cir. 1986) (claimant's allegation of excruciating pain while standing or walking was not undermined by evidence that he engaged in wide-ranging travel in a motor home).

///

In sum, this evidence did not give rise to a clear and convincing reason based on substantial evidence to discount Plaintiff's subjective symptom testimony.

### 3. Non-disabling limitations from obesity.

The ALJ found, with respect to Plaintiff's obesity, that "the overall record does not support the condition limiting [Plaintiff] to the extent alleged." (AR 23.) The ALJ provided the example that Plaintiff "has not exhibited notable antalgic gait or decreases in strength." (*Id*. (citing AR 4011, 4052).)

An ALJ reasonably may conclude that "the medical record was inconsistent with the severity of the limitations [the claimant] described in [her] testimony." *See Ahearn*, 988 F.3d at 1116-17; *see also Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) (an ALJ reasonably may conclude that a claimant's subjective complaints are exaggerated).

Here, the example cited, based on evidence of no notable antalgic gait or decreases in strength (AR 4011, 4052), was not representative of a broader trend in Plaintiff's ability to walk or lift. The medical record does not contain ample evidence on the issues of Plaintiff's ability to walk or lift. Nonetheless, the existing evidence demonstrated that Plaintiff continued to complain of constant pain while walking (AR 3425, 3951) and reported using a walker (AR 4009). She also continued to complain of pain in her left shoulder, hands, wrists, and elbows (AR 3425, 3836, 4011), which would affect strength. Accordingly, this was not a clear and convincing reason based on substantial evidence to discount Plaintiff's subjective symptom testimony.

### D. Conclusion.

Plaintiff's subjective symptom testimony was not rejected for clear and convincing reasons based on substantial evidence. Thus, reversal is warranted.

///

## II. Remand for Further Administrative Proceedings.

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." *Id.* "If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (citation and internal quotation marks omitted).

Here, the record is not free from conflicts and ambiguities, and all essential factual issues have not been resolved. For example, the ALJ made numerous, detailed findings regarding the objective medical evidence. (AR 22-23.) Although, as noted above, the Court is unable to review these findings because they were not expressly tied to the ALJ's assessment of Plaintiff's subjective symptom testimony, they do raise outstanding issues about Plaintiff's level of functioning. *See Treichler*, 775 F.3d at 1104 (outstanding factual conflicts in the record between the claimant's testimony and the objective medical evidence warranted remand). Because of these outstanding issues, the Court declines Plaintiff's request to credit her testimony as true. *See Leon v. Berryhill*, 880 F.3d 1041, 1046 (9th Cir. 2017) ("A district court cannot proceed directly to credit a claimant's testimony as true and then look to the record to determine whether there are any issues outstanding, as 'this reverses the required order of analysis.'") (quoting *Dominguez*, 808 F.3d at 409); *see also Treichler*, 775 F.3d at 1106 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.").

The record raises factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-*

*Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Burrell*, 775 F.3d at 1141 (remand is appropriate where the record creates doubt as to whether claimant is disabled); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Therefore, based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

## ORDER

It is ordered that Judgment be entered reversing the final decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: April 14, 2021

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE